IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN RAY DEAN, #17488-064 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv229 |
| | § | CRIMINAL ACTION NO. 4:09cr63(1) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant Jonathan Ray Dean filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On June 24, 2011, pursuant to a plea agreement, Movant pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the Presentence Report was prepared. In it, Movant was determined to be a career offender for sentencing guideline purposes based, in part, on a prior Oklahoma conviction for second-degree burglary. On July 15, 2010, the court sentenced Movant to 188 months of imprisonment. On December 28, 2010, the United States Court of Appeals for the Fifth Circuit remanded the case for re-sentencing based on the joint stipulations pursuant to *United States v. Roberts*, 624 F.3d 241 (5th Cir. 2010). At the re-sentencing, the court relied on the information in Movant's Oklahoma state

1

burglary conviction to conclude that Movant had committed a crime of violence. The court amended its judgment on June 27, 2011, sentencing Movant again to 188 months. On appeal, the Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Dean*, 459 F. App'x 338 (5th Cir. 2012). The Fifth Circuit held that because the probation officer determined Movant's base offense level on the basis of the career offender provision of the sentencing guideline, and not under the provision relating to crack cocaine offenses, there was no breach of the plea agreement. *Id*.

In Movant's § 2255 motion, he argues he is entitled to relief because counsel was ineffective for failing to challenge the presentence report's finding that he was a career offender, and he was prejudiced by this finding. The Government filed a Response, asserting that Movant's claims are barred by the waiver in his plea agreement. Movant filed a Reply.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. MOVANT'S GUILTY PLEA

Movant pleaded guilty pursuant to a written plea agreement. He also pleaded guilty at his change of plea hearing, and affirmed his guilt in various other documents.

**PLEA AGREEMENT**

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in a proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

*See* Cause No. 4:09cr63(1) (dkt #21).

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

In Movant's plea agreement, Movant states:

> I have read or had read to me this Plea Agreement. I have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The plea agreement also states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this Agreement rather than proceeding to trial.

Finally, Movant states in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement." Consequently, Movant's signed plea agreement shows that his guilty plea was knowingly and voluntarily made.

**PLEA HEARING**

At Movant's change of plea hearing, held on December 16, 2009, Movant states:

1. He understood the Consent form and had discussed it fully with counsel;

2. He was satisfied with his counsel and his legal representation;

3. He had adequate time to discuss the charges with counsel;

4. He was satisfied that counsel had considered any possible defenses to the charge;

5. He understood the charges against him;

6. He understood the elements of the crime charged;

7. He understood the sentencing range was a minimum of five years and a maximum of forty years;

4

8. He discussed the sentencing guidelines with counsel;

9. He understood how the sentencing guidelines may apply to his case;

10. He understood that the court would be unable to determine his sentencing guideline range until after the presentence report had been completed;

11. He understood that the sentence imposed could be different from any estimate his counsel, the Government, or the probation office may have given him;

12. There were no promises, force, or threats by anyone to induce him to plead guilty;

13. He understood that if the sentence is more severe than what he expected, he is still bound by his guilty plea; and

14. His guilty plea was freely and voluntarily given.

Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977).

At the plea hearing, Movant affirmed that everything in the Factual Statement was true and correct. It reflected that Movant "knowingly and intentionally possess[ed] with the intent to distribute and dispense at least 500 grams but less than 2 kilograms of cocaine." Movant knew the unlawful purpose of this possession and possessed the cocaine with the intent to distribute it. He knew that the amount involved was more than 500 grams, but less than 2 kilograms of cocaine. Movant stated that he was attempting to transport the cocaine to Oklahoma from Texas. When he was stopped in Denton County, he was arrested with 1 kilogram of cocaine.

The court admonished Movant as to the charges against him and further explained the rights Movant was giving up by pleading guilty to a felony. Movant states that:

1. He understood the rights that he was waiving;

2. There were no promises made to him leading him to plead guilty; and

3. He was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged.

Formal declarations in open court carry a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). Movant's plea hearing shows that his plea was knowing and voluntary.

**CONSENT TO ADMINISTRATION OF GUILTY PLEA**

Additionally, on December 15, 2009, Movant signed a Consent to Administration of Guilty Plea. In the Consent, Movant states that

1. He understood his trial rights, and that by pleading guilty, he knew he was giving up those rights – except for the right to counsel;

2. He understood that the court will consult the Sentencing Guidelines in assessing a sentence;

3. He understood that the court, however, is not bound by the Guidelines;

4. He understood that, although he may have been given a possible range of punishment, it is only an estimate;

5. He understood that his punishment could be increased based on various factors such as prior criminal history, his role or participation in the crime, the quantity of contraband attributed to him, or the use of weapons;

6. He was aware that the court is not bound by any agreements between himself and the

Government;

7. He understood that only the United States District Judge will determine his sentence;

8. He was making his plea of guilty of his own free will;

9. He was not induced or forced to plead guilty;

10. No promises or threats had been made to induce him to plead guilty;

11. He pleaded guilty because he was guilty;

12. He fully understood the charges, including the statutory minimum and maximum penalties, as well as terms related to supervised release, special assessments, forfeiture, and restitution;

13. He fully understood the ramifications of pleading guilty and had no reservations or questions concerning it;

14. He was not under the influence of any substances or medications and he was fully competent to enter a plea before the court;

15. He knew that, before pleading guilty, if he had any questions, he could freely consult with his attorney;

16. He was satisfied with his attorney's representation;

17. He signed the Factual Statement;

18. The Factual Statement is true and correct;

19. He reviewed the Factual Statement and there were no material errors;

20. He understood that his statements were made under the penalty of perjury.

Movant's Consent shows that his guilty plea was knowingly and voluntarily made.

**FACTUAL STATEMENT**

The Factual Statement reflected that Movant "knowingly and intentionally possess[ed] with the intent to distribute and dispense at least 500 grams but less than 2 kilograms of cocaine." He knew the unlawful purpose of this possession and possessed the cocaine with the intent to distribute it. He knew that the amount involved was more than 500 grams, but less than 2 kilograms of cocaine. Movant stated that he was attempting to transport the cocaine to Oklahoma from Texas. When he was stopped in Denton County, he was arrested with 1 kilogram of cocaine. Movant affirmed that the facts were true and correct.

**FINDINGS OF FACT**

Finally, on December 18, 2009, the court entered Findings of Facts. Based on the hearing in which Movant pleaded guilty, the court found that:

1. Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution;
2. Movant was fully competent and capable of entering an informed plea;
3. Movant was aware of the nature of the charges and the consequences of the plea;
4. Movant's plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense.

The Findings of Facts show that Movant's guilty plea was knowingly or voluntarily made.

In sum, the court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea. It found that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an

independent basis in fact containing each of the essential elements of the offenses.

The District Court accepted Movant's guilty plea. In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

## IV. CONCLUSION

The court concludes that Movant's guilty plea was knowing and voluntary after examining his Plea Agreement, the plea hearing, the Consent, the Factual Statement, and Findings of Fact. Thus, the guilty plea must be upheld on federal review. *Id.* In the instant motion, Movant does not allege that his sentence exceeded the statutory maximum. Nor does he allege an ineffective assistance of counsel issue that affects the validity of the waiver or the plea itself. Thus, he does not invoke either of the two very narrow exceptions to his waiver. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982). Movant

claimed that he understood the charges and the minimum and maximum penalties, and that his plea of guilty was knowingly and voluntarily made. He fails to show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. For these reasons, the motion should be denied and the case dismissed.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a

10

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of March, 2016.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE